1  Daniel M. Glassman, (SBN 179302)
     dan.glassman@klgates.com
2  Katy M. Ramos (SBN 351481)
     katy.ramos@klgates.com
3  **K&L GATES LLP**
   1 Park Plaza
4  Twelfth Floor
   Irvine, California  92614
5  Telephone: +1 949 253 0900
   Facsimile: +1 949 253 0902
6

7  Attorneys for Defendants Providence Saint
   John's Health Center, Providence Health
8  System-Southern California, and Providence
   Health & Services -- Washington
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12  S.O., *by and through her guardian ad*        Case No. 2:24-cv-10500-JAK (RAOx)
    *litem*, LISA SZILÁGYI, and LINDA
13  KARR O'CONNOR,                                **DEFENDANTS' ANSWER TO
                                                  COMPLAINT AND
14              Plaintiffs,                       AFFIRMATIVE DEFENSES**

15        v.                                      Hon. John A. Kronstadt

16  PROVIDENCE SAINT JOHN'S
    HEALTH CENTER, a California
17  Corporation; PROVIDENCE HEALTH
    SYSTEM-SOUTHERN CALIFORNIA,
18  a California Corporation;
    PROVIDENCE HEALTH &
19  SERVICES – WASHINGTON, a
    Washington Corporation and DOES 1 –
20  50, inclusive,

21              Defendants.

22

23

24

25

26

27

28
    509055764.1

Defendants Providence Saint John's Health Center, Providence Health System-Southern California, and Providence Health & Services -- Washington ("Defendants") respectfully submit the following Answer to Plaintiffs' Complaint (the "Complaint"). Pursuant to Federal Rule of Civil Procedure 8, Defendants generally deny each and every allegation of the Complaint not expressly admitted. To the extent that Defendants incorporates Plaintiffs' headings into this Answer, Defendants do so for organizational purposes only and does not admit any of the allegations in Plaintiffs' headings. Defendants specifically answers Plaintiffs' Complaint as follows:

## INTRODUCTION

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore deny them.

2.      Admitted that certain of the Defendants own and operate Providence Saint John's Health Center in Santa Monica, California. Denied that Defendants have discriminated against S.O. Denied that Defendants have refused to provide S.O. with necessary accommodations. The remaining allegations in Paragraph 2 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

3.      Denied. The allegations set forth in Paragraph 3 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

4.      The allegations set forth in Paragraph 4 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

## JURISDICTION

5.      Defendants admit that the Court has jurisdiction over them in this action. The remainder of the allegations set forth in Paragraph 5 constitute legal conclusions

- 2 -
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

6.     Defendants admit that venue of this action in the Central District of California is proper. The remainder of the allegations set forth in Paragraph 6 constitute legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

## THE PARTIES

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore deny them.

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore deny them.

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore deny them.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore deny them.

11.     Based on information and belief, Defendants admit that Plaintiff Linda Karr O'Connor is S.O.'s mother. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 11, and therefore deny them.

12.     Admitted that defendant Providence Saint John's Health Center is a nonprofit corporation. The remaining allegations in Paragraph 12 constitute legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

13.     Admitted that defendant Providence Health System-Southern California is a California nonprofit corporation. The remaining allegations in Paragraph 13 constitute legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

14. Admitted that defendant Providence Health & Services – Washington is a Washington State nonprofit corporation. The remaining allegations in Paragraph 14 constitute legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

15. Admitted that Providence St. John's Health Center provides medical services to members of the public without regard to religious affiliation.

16. The allegations set forth in Paragraph 16 constitute legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

### PLAINTIFF S.O.'s DISABILITY-RELATED NEEDS

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny them.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore deny them.

### DEFENDANTS' HOSPITAL STAFF REPEATEDLY DENY PLAINTIFF'S DISABILITY-RELATED REASONABLE ACCOMMODATION REQUESTS

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny them.

20. The allegations set forth in Paragraph 20 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of certain of the allegations in Paragraph 21, and therefore deny them. The remaining allegations set forth in Paragraph 21 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore deny them.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1  23. Admitted that S.O. was admitted to the Intensive Care Unit (ICU).

2  24. Defendants are without knowledge or information sufficient to form a

3 belief as to the truth of the allegations in Paragraph 24, and therefore deny them.

4  25. Defendants are without knowledge or information sufficient to form a

5 belief as to the truth of the allegations in Paragraph 25, and therefore deny them.

6  26. Defendants are without knowledge or information sufficient to form a

7 belief as to the truth of the allegations in Paragraph 26, and therefore deny them.

8  27. Defendants are without knowledge or information sufficient to form a

9 belief as to the truth of the allegations in Paragraph 27, and therefore deny them.

10  28. Defendants are without knowledge or information sufficient to form a

11 belief as to the truth of the allegations in Paragraph 28, and therefore deny them.

12  29. Defendants are without knowledge or information sufficient to form a

13 belief as to the truth of the allegations in Paragraph 29, and therefore deny them.

14  30. Defendants are without knowledge or information sufficient to form a

15 belief as to the truth of the allegations in Paragraph 30, and therefore deny them.

16  31. Defendants are without knowledge or information sufficient to form a

17 belief as to the truth of the allegations in Paragraph 31, and therefore deny them.

18  32. Defendants are without knowledge or information sufficient to form a

19 belief as to the truth of the allegations in Paragraph 32, and therefore deny them.

20  33. The allegations set forth in Paragraph 33 constitute argument and/or

21 legal conclusions that are not subject to denial or admission. To the extent a response

22 is deemed necessary, denied.

23  34. Defendants are without knowledge or information sufficient to form a

24 belief as to the truth of the allegations in Paragraph 34, and therefore deny them.

25  35. Defendants are without knowledge or information sufficient to form a

26 belief as to the truth of the allegations in Paragraph 35, and therefore deny them.

27  36. Defendants are without knowledge or information sufficient to form a

28 belief as to the truth of the allegations in Paragraph 36, and therefore deny them.

37.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore deny them.

38.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore deny them. The remaining allegations set forth in Paragraph 38 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

39.    Defendants are without knowledge or information sufficient to form a belief as to the truth of certain of the allegations in Paragraph 39, and therefore deny them. The remaining allegations set forth in Paragraph 39 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

## LEGAL ADVOCATES MAKE ADDITIONAL REASONABLE ACCOMMODATION REQUESTS ON S.O.'s BEHALF, WHICH DEFENDANTS REJECT

40.    Admitted that Disability Rights California (DRC) is a California disability rights organization. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and therefore deny them.

41.    The allegations set forth in Paragraph 41 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

42.    The allegations set forth in Paragraph 42 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

43.    The remaining allegations set forth in Paragraph 43 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

**INJURIES**

44.    The allegations set forth in Paragraph 44 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

45.    The allegations set forth in Paragraph 45 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

46.    The allegations set forth in Paragraph 46 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

47.    The allegations set forth in Paragraph 47 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

**FIRST CAUSE OF ACTION:**

**Violation of The Americans with Disabilities Act, Title III**

**42 U.S.C. §§ 12182, *et seq.***

**Against all Defendants as to Plaintiff S.O.**

48.    Defendants re-allege and incorporate its answers to Paragraphs 1 through 47 as if more fully set forth herein.

49.    Admitted that Providence St. John's Health Center is located at 2121 Santa Monica Blvd., Santa Monica, California and that its facilities are open to the public. The remaining allegations set forth in Paragraph 49 constitute legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

50.    Defendants are without knowledge or information sufficient to form a belief as to the truth of certain of the allegations in Paragraph 50, and therefore deny them. The remaining allegations set forth in Paragraph 50 constitute argument and/or

legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

51.    The allegations set forth in Paragraph 51 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

52.    The allegations set forth in Paragraph 52 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

53.    The allegations set forth in Paragraph 53 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

54.    The allegations set forth in Paragraph 54 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

55.    The allegations set forth in Paragraph 55 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

56.    The allegations set forth in Paragraph 56 including subparts (a) – (g) constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

57.    The allegations set forth in Paragraph 57 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

58.    The allegations set forth in Paragraph 58 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1    **SECOND CAUSE OF ACTION:**

2    **Violation of The Americans with Disabilities Act, Title III**

3    **42 U.S.C. §§ 12182,** *et seq.*

4    **Against all Defendants as to Plaintiff Karr O'Connor**

5        59.    Defendants re-allege and incorporate its answers to Paragraphs 1

6    through 59 as if more fully set forth herein.

7        60.    The allegations set forth in Paragraph 60 constitute argument and/or

8    legal conclusions that are not subject to denial or admission. To the extent a response

9    is deemed necessary, denied.

10        61.    The allegations set forth in Paragraph 61 constitute argument and/or

11    legal conclusions that are not subject to denial or admission. To the extent a response

12    is deemed necessary, denied.

13        62.    The allegations set forth in Paragraph 62 constitute argument and/or

14    legal conclusions that are not subject to denial or admission. To the extent a response

15    is deemed necessary, denied.

16    **THIRD CAUSE OF ACTION:**

17    **Violation of Section 504 of The Rehabilitation Act**

18    **29 U.S.C. § 794**

19    **Against all Defendants as to Plaintiff S.O.**

20        63.    Defendants re-allege and incorporate its answers to Paragraphs 1

21    through 62 as if more fully set forth herein.

22        64.    The allegations set forth in Paragraph 64 constitute argument and/or

23    legal conclusions that are not subject to denial or admission. To the extent a response

24    is deemed necessary, denied.

25        65.    The allegations set forth in Paragraph 65 constitute argument and/or

26    legal conclusions that are not subject to denial or admission. To the extent a response

27    is deemed necessary, denied.

28

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

66.   The allegations set forth in Paragraph 66 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

67.   The allegations set forth in Paragraph 67 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

68.   The allegations set forth in Paragraph 68 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

69.   The allegations set forth in Paragraph 69 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

70.   The allegations set forth in Paragraph 70 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

71.   The allegations set forth in Paragraph 71 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

72.   The allegations set forth in Paragraph 72 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

73.   The allegations set forth in Paragraph 73 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

74.   The allegations set forth in Paragraph 74, including subparts (a) – (g) constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

75. The allegations set forth in Paragraph 75 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

76. The allegations set forth in Paragraph 76 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

77. The allegations set forth in Paragraph 77 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

78. The allegations set forth in Paragraph 78 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

79. The allegations set forth in Paragraph 79 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

**FOURTH CAUSE OF ACTION:**

**Violation of California Government Code §§ 11135**

**Against all Defendants as to Plaintiff S.O.**

80. Defendants re-allege and incorporate its answers to Paragraphs 1 through 79 as if more fully set forth herein.

81. The allegations set forth in Paragraph 81 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

82. The allegations set forth in Paragraph 82 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

83.   The allegations set forth in Paragraph 83 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

84.   The allegations set forth in Paragraph 84 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

85.   The allegations set forth in Paragraph 85 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

86.   The allegations set forth in Paragraph 86 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

87.   The allegations set forth in Paragraph 87, including subparts (a) – (g) constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

88.   The allegations set forth in Paragraph 88 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

89.   The allegations set forth in Paragraph 89 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

**FIFTH CAUSE OF ACTION:**

**Violation of The Unruh Civil Rights Act**

**Cal. Civil Code §51 *et seq.***

**Against all Defendants as to Plaintiff S.O.**

90.   Defendants re-allege and incorporate its answers to Paragraphs 1 through 89 as if more fully set forth herein.

91.    The allegations set forth in Paragraph 91 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

92.    The allegations set forth in Paragraph 92 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

93.    The allegations set forth in Paragraph 93 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

94.    The allegations set forth in Paragraph 94 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

95.    The allegations set forth in Paragraph 95, including subparts (a) – (g) constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

96.    The allegations set forth in Paragraph 96 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

97.    The allegations set forth in Paragraph 97 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

98.    The allegations set forth in Paragraph 98 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

99.    The allegations set forth in Paragraph 99 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

## SIXTH CAUSE OF ACTION:

### Violation of The Unruh Act

### Cal. Civil Code §51 *et seq.*

### Against all Defendants as to Plaintiff Linda Karr O'Connor

100.   Defendants re-allege and incorporate its answers to Paragraphs 1 through 99 as if more fully set forth herein.

101.   The allegations set forth in Paragraph 101 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

102.   The allegations set forth in Paragraph 102 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

103.   The allegations set forth in Paragraph 103 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

104.   The allegations set forth in Paragraph 104 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

105.   The allegations set forth in Paragraph 105 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

106.   The allegations set forth in Paragraph 106 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

107.   The allegations set forth in Paragraph 107 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

108.   The allegations set forth in Paragraph 108 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

## SEVENTH CAUSE OF ACTION:

### Violation of The California Disabled Persons Act

### Cal. Civil Code §54 *et seq.*

### Against all Defendants as to Plaintiff S.O.

109.   Defendants re-allege and incorporate its answers to Paragraphs 1 through 108 as if more fully set forth herein.

110.   The allegations set forth in Paragraph 110 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

111.   The allegations set forth in Paragraph 111 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

112.   The allegations set forth in Paragraph 112 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

113.   The allegations set forth in Paragraph 113, including subparts (a) – (g) constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

114.   The allegations set forth in Paragraph 114 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

115.   The allegations set forth in Paragraph 115 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

116.   The allegations set forth in Paragraph 116 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

117.   The allegations set forth in Paragraph 117 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

**EIGHTH CAUSE OF ACTION:**

**Violation of The California Disabled Persons Act**

**Cal. Civil Code §54 *et seq.***

**Against all Defendants as to Plaintiff Linda Karr O'Connor**

118.   Defendants re-allege and incorporate its answers to Paragraphs 1 through 117 as if more fully set forth herein.

119.   The allegations set forth in Paragraph 119 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

120.   The allegations set forth in Paragraph 120 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

121.   The allegations set forth in Paragraph 121 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

122.   The allegations set forth in Paragraph 122 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

123.   The allegations set forth in Paragraph 123 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

124.   The allegations set forth in Paragraph 124 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

## NINTH CAUSE OF ACTION:

### Violation of The Patient Protection and Affordable Care Act

### 42 U.S.C. §18116.

### Against all Defendants as to both Plaintiffs

125.   Defendants re-allege and incorporate its answers to Paragraphs 1 through 124 as if more fully set forth herein.

126.   The allegations set forth in Paragraph 126 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

127.   The allegations set forth in Paragraph 127 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

128.   The allegations set forth in Paragraph 128 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

129.   The allegations set forth in Paragraph 129 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

130.   The allegations set forth in Paragraph 130 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

131.   The allegations set forth in Paragraph 131 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

132.    The allegations set forth in Paragraph 132 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

133.    The allegations set forth in Paragraph 133 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

134.    The allegations set forth in Paragraph 134 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

135.    The allegations set forth in Paragraph 135 constitute argument and/or legal conclusions that are not subject to denial or admission. To the extent a response is deemed necessary, denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.    The Complaint, and all alleged claims for relief alleged therein, should be dismissed for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Laches)

2.    The Complaint and all claims for relief alleged therein are barred in whole or in part by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

(Unclean Hands/*In Pari Delicto*)

3.    The Complaint and all claims for relief alleged therein are barred in whole or in part by the doctrine of unclean hands and/or *in pari delicto*.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.      The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel due to Plaintiffs' own acts or omissions.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.      The Complaint, and each and every cause of action alleged therein, is barred by the doctrine waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Ratification)

6.      The Complaint, and each and every cause of action alleged therein, is barred by Plaintiffs' ratification of the actions allegedly undertaken.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

7.      The Complaint, and each and every cause of action alleged therein, is barred by the fact that Defendants acted, at all times, in good faith and with reasonable belief as to its validity and accuracy and with reasonable belief that Defendants' conduct was lawful.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

8.      The Complaint, and each and every cause of action alleged therein, is barred by Plaintiffs' lack of standing.

## NINTH AFFIRMATIVE DEFENSE

### (Compliance)

9.      The Complaint is barred, in whole or in part, by Defendants' full compliance with all applicable statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint.  All conduct and activity of Defendants was

in good faith and conformed to industry standards based upon the state of knowledge existing at all relevant times.

### TENTH AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law)

10.    All equitable relief Plaintiffs seek in their Complaint is barred to the extent there is an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

11.    Plaintiffs' underlying claims are barred, in whole or in part, by the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Intervening/Superseding Cause)

12.    Defendants allege that the Complaint, and each purported claim therein, is barred to the extent it is based on events that were caused solely, or contributed to, by superseding or intervening circumstances beyond the control of -Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

13. Defendants allege that if Plaintiffs sustained damages by reason of the allegations in the Complaint, which allegations are denied, then Plaintiffs may not recover for such damages because by its own acts and omissions, it has failed to properly mitigate such damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

14.    Defendants allege that Plaintiffs would be unjustly enriched by the relief sought.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Lack of Causation)

15.    Defendants allege that to the extent Plaintiffs have incurred any damages, which Defendants expressly deny, such alleged damages were not proximately or legally caused by Defendants.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants have insufficient information upon which to form a belief as to whether they may have additional unstated affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates they are appropriate.

## RESERVATION OF RIGHTS

Defendants' investigation of the matters herein alleged is ongoing.  Defendants expressly reserve their right, pursuant to Fed. R. Civ. P. 15, to supplement or amend their Answer upon further investigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Providence Saint John's Health Center, Providence Health System-Southern California, and Providence Health & Services -- Washington request relief as follows:

1.    That Plaintiffs take nothing by reason of their Complaint and that judgment be entered in favor of Defendants and that Plaintiffs' Complaint be dismissed;

2.    For costs of suit, including reasonable attorneys' fees; and

3.    For such other and further relief as the Court may deem proper.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1   Dated: March 5, 2025                   K&L GATES LLP

2

3                                         By:  */s/ Daniel M. Glassman*
                                               Daniel M. Glassman
4                                              Katy M. Ramos
                                               Attorneys for Defendants Providence
5                                              Saint John's Health Center, Providence
                                               Health System-Southern California, and
6                                              Providence Health & Services –
                                               Washington
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES